UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERGSTROM IMPORTS MILWAUKEE, INC.,
d/b/a BERGSTROM FIAT OF MILWAUKEE; and
BERGSTROM CORP.,

          Plaintiff,

v.                                                             Case No. 12-CV-603

CHRYSLER GROUP LLC; and
DON MILLER AUTO GROUP,

          Defendant.

**ORDER DENYING MOTION TO REMAND**

      Plaintiff Bergstrom Imports of Milwaukee, Inc., filed this lawsuit in the Circuit Court of Winnebago County against Defendants Chrysler Group LLC and Don Miller Auto Group ("Miller") to prevent Chrysler and Miller from opening a new Fiat dealership in Madison, Wisconsin. The complaint alleges that the agreement between Chrysler and Miller violates Chrysler's previous promises to Bergstrom that Chrysler would offer the Madison Fiat dealership opportunity to Bergstrom before approaching any other dealers with the opportunity. Chrysler is not a resident of Wisconsin, and although Miller and Bergstrom are corporations, organized and existing under the laws of the State of Wisconsin, the defendants removed the matter to federal court claiming that Miller was joined in violation of the Fraudulent Joinder Doctrine. Plaintiff has filed a motion for remand. For the reasons that follow the motion for remand will be denied.

**I. Background**

Bergstrom states the following five causes of action against Chrysler: (1) unconscionable conduct in violation of Wis. Stat. § 218.0116(1)(F); (2) arbitrary conduct causing material damage in violation of Wis. Stat. § 218.0116(1)(X); (3) breach of dealer agreement; (4) breach of implied covenant of good faith and fair dealing; and (5) promissory estoppel. The complaint seeks compensatory damages in an amount of at least $2,014,333. In addition, the complaint seeks permanent injunctive relief, treble damages, and attorney's fees and costs. The complaint does not purport to state any causes of action against Don Miller or otherwise seek any relief against Miller. (Compl., ¶¶ 40-82.)

On December 1, 2010, in reliance on information, sales projections, promises, and other assurances provided by Chrysler, including the promise that Bergstrom would be offered the first opportunity to open new Fiat dealerships in Wisconsin before the appointment of any other dealer, Bergstrom signed a "Fiat Brand Letter of Intent" with Chrysler. (*Id.* ¶ 24.) Bergstrom, contemporaneous with signing the letter of intent, through its Executive Vice President John Hogerty, had several specific discussions with Nancy Davis of Chrysler, reiterating Bergstrom's plans to market and sell Fiat vehicles throughout the entire State of Wisconsin. In response, Davis represented that Chrysler only was opening the Milwaukee Fiat dealership at the time, while claiming that Chrysler would talk with Bergstrom first before approaching any other dealer to open a new Fiat dealership in Wisconsin. Shortly after, on February 8, 2011, Bergstrom Fiat and Chrysler executed a Fiat dealer Agreement and Motor Vehicle Addendum. Due to numerous circumstances Bergstrom Fiat has suffered massive operating losses since opening its doors.

In December 2011, Bergstrom learned for the first time that Chrysler intended to appoint a Fiat dealer in Madison, WI. Upon learning this news, Hogerty immediately contacted Davis, who confirmed that Chrysler had entered into a Letter of Intent with Miller, a Chrysler dealer in Madison. Although Hogerty protested Chrysler's appointment of a Fiat dealer in Madison was in breach of Davis's previous promises and assurances that Chrysler would approach Bergstrom before appointing a new Fiat dealer in Wisconsin, Davis informed him that Chrysler intended to move ahead with Miller as the new Fiat dealer. After a face-to-face meeting with Chrysler, Bergstrom was informed that Chrysler planned to move forward with appointing Miller as the Fiat dealer for the Madison market and that Bergstrom had no rights to the market. Despite Bergstrom's additional attempts to persuade Chrysler to stand by its promises to Bergstrom to offer Bergstrom the first opportunity to establish a Fiat dealership in Madison, Chrysler has appointed Miller as the Fiat dealer in Madison and intends to allow Miller to open a Fiat dealership in Madison.

To prevent Chrysler and Miller from opening up the dealership in Madison, Bergstrom commenced action in the Circuit Court of Winnebago County. The Defendants removed the matter to federal court claiming that Miller, whose presence in the lawsuit would otherwise destroy diversity jurisdiction, was joined in violation of the Fraudulent Joinder Doctrine. Plaintiffs then filed an expedited non-dispositive motion to remand pursuant to Civil Local Rule 7(h).

**II. Analysis**

Fraudulent joinder occurs when a non-diverse defendant is named as a party, but there is no reasonable possibility that a state court would rule against the non-diverse defendant. *Walton v. Bayer Corp.,* 643 F.3d 994, 999 (7th Cir. 2011); *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th

3

Cir. 1992). A plaintiff is normally free to choose its own forum, of course, but it may not join an in-state defendant solely for the purpose of destroying federal diversity jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 763 (7th Cir. 2009); *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). The Fraudulent Joinder Doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur,* 577 F.3d at 763 (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) and *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 677-78 (5th Cir. 1999)). All that is required is "proof that the claim against the nondiverse defendant is utterly groundless." *Walton,* 643 F.3d at 999. Because groundless, frivolous claims do not engage the jurisdiction of federal courts, the district judge must dismiss the nondiverse defendant before ruling on the plaintiff's motion to remand. *Id.* (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974) and *McCurdy v. Sheriff of Madison County,* 128 F.3d 1144, 1145 (7th Cir. 1997)).

Defendants argue that the Fraudulent Joinder Doctrine applies to Miller and thus the case is properly removable to federal court. The Defendants argue that because Miller has no protectable legal interest in the subject matter of the dispute between Chrysler and the Plaintiffs, Miller is not a necessary party and accordingly, it should be dismissed from this action.

Plaintiffs, however, note that fraudulent joinder is difficult to establish—the defendant must demonstrate that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur,* 577 F3d at 764 (quoting *Poulos,* 959 F.2d at 73). At that point the federal court must turn to the test in *Poulos* and ask: "is there any reasonable possibility that a state court would rule against the non-diverse defendant?"

4

959 F.2d at 73. There must be "proof that the claim against the non-diverse defendant is utterly groundless," for the Fraudulent Joinder Doctrine to apply. *Walton,* 643 F.3d at 999.

Here, we do not even have a "groundless" claim—we do not even have *any* claim at all against the non-diverse defendant. The complaint does not allege that Don Miller did anything in violation of anyone's rights, nor does it even seek relief against Don Miller. On the surface, therefore, it would appear that Miller could be dismissed summarily: for all practical purposes, a groundless claim is the same as no claim at all.

The Plaintiffs, however, do not believe the absence of any claims against Miller is fatal to their naming of Don Miller as a defendant. They note that a Wisconsin court sitting in equity may grant relief against a party even if that party is not subject to any cause of action:

> Once a court of equity obtains jurisdiction over a matter, it will exercise its jurisdictions in an effort to do complete justice between the parties to the action. (Citations omitted) As Justice Black wrote in *Love v. Wilson*, 346 Mich. 327, 78 N.W.2d 245, 247 (1956), in order to provide complete relief to a party injured by the fraudulent conduct of another, "[i]t is wholly unnecessary that a [complaint] addressed to [the equity] side of the court must state as at law a cause of action against a defendant in order to name and make him a defendant."

*State v. Excel Mgmt. Servs., Inc.*, 111 Wis. 2d 479, 491, 331 N.W. 2d 312 (1983).

There are a few problems with this approach. First, whether Miller is properly a party is the central question in this case; thus, to say that relief may be granted against a "party" even absent a claim against that party is to beg the question of whether the defendant should even *be* a party. Putting that objection to one side, although it might be true that there need not be a legal claim asserted against a party, there must still be some imaginable equitable relief that the state court could grant against that party. Here, the complaint does not even seek equitable relief against Don Miller. Plaintiffs note that Miller is certainly an interested party in this lawsuit, as it is the

5

beneficiary (in a sense) of Chrysler's alleged breach of its agreement with Bergstrom. Even so, it is unclear what meaningful equitable relief a state court could grant against Miller. If Plaintiffs succeed in their claim against Chrysler, Chrysler will be precluded from selling Fiats to Miller. That is the relief requested in the complaint. Any other "relief" against *Miller* would be meaningless because the relief against Chrysler would grant the entirety of the relief needed to remedy Bergstrom's problem. (Miller cannot open a Fiat dealership if Chrysler cannot sell it Fiats.) That is, why would a court take the unusual step of ordering injunctive relief against a party against whom no relief is even *sought* if complete relief can be obtained simply by ordering Chrysler not to allow Don Miller to become a dealership? For this reason, I find the notion that a state court could enter injunctive relief against Don Miller to be speculative, at best.

Plaintiffs also suggest that Don Miller is a necessary party under Wis. Stat. § 803.03(1), which deems parties "necessary" if "[t]he person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . impair or impede the person's ability to protect that interest." Here, Don Miller has an "interest" in this litigation similar to the interest many non-parties have in commercial litigation: the result will affect its own business. But of course that is quite common. The courts entertain countless lawsuits between competitors in the marketplace, and these lawsuits affect innumerable third parties, including customers, suppliers and other dealers. But we do not routinely join these other businesses *as parties* merely because they might have a financial interest in the outcome. Here, Don Miller has no relationship with Bergstrom, the Plaintiff, and it has no contractual or other rights that it could assert. As noted above, there are no claims against it. It is simply an interested bystander. Moreover, its interests, such as they are, are protected by Chrysler, who is defending what it views

6

as its right to appoint Don Miller as its Fiat dealer in Madison. Tellingly, Don Miller has joined Chrysler's brief in opposition to the motion for remand, which suggests it has no interest in litigating this lawsuit itself.

The Wisconsin Supreme Court has found the analysis of whether a party is necessary is the same as whether a person is entitled to intervene in an action "as a matter of right." *City of Madison v. WERC,* 2000 WI 39, ¶ 11 n. 8, 234 Wis.2d 550, 610 N.W.2d 94 (Wis. 2000). Suppose Don Miller intervened in this action: what rights or claims would it assert? As noted above, it has no independent rights against either Chrysler or Bergstrom that it could bring if it sought to intervene. If it filed a brief, it would simply be echoing the arguments made by Chrysler.

In *Dairyland Greyhound Park, Inc. v. McCallum,* the Wisconsin Court of Appeals found that several Indian tribes were necessary parties. 2002 WI App 259 ¶ 9, 258 Wis.2d 210, 655 N.W.2d 474. There, the Dairyland racetrack sued the governor seeking an injunction against renewal of the compacts the state had with several Indian tribes. In that case, however, the tribes were actually parties to the very compacts being litigated. It is not surprising that the court would conclude that they had a sufficient interest in the outcome such that they were "necessary" parties. Adopting a "pragmatic approach," the court found that the relevant inquiry in Wisconsin is not whether a prospective party has a legal or legally protected interest in the subject of an action, but whether the person or entity has "'an interest of such direct and immediate character that the [prospective party] will either gain or lose by the direct operation of the judgment.'" *Id.* at ¶ 15, 258 Wis.2d 221, 655 N.W.2d 481 (citation omitted). Thus, in that case the judgment about the renewal of the tribal compacts would *directly* impact the tribes because it would affect the renewal of their compacts with the state.

Here, by contrast, all we have is an indirect effect. A judgment in Bergstrom's favor would force Chrysler to offer the Fiat dealership to Bergstrom. This would of course affect Don Miller because Miller happens to be the dealer Chrysler chose. But that effect is not a "direct" operation of a judgment here but merely the indirect effect brought about by circumstance.

What's important is that the Wisconsin courts are clear that we should be "pragmatic" rather than overly technical in determining whether a party is necessary. Here, it is significant that Don Miller itself expresses no desire to participate in this lawsuit. It apparently believes it will not be prejudiced if this lawsuit goes forward without it, and it evidently believes Chrysler will be able to adequately defend any interest it does have. After all, without Chrysler there is no Fiat dealership. Given Don Miller's own position on the subject, any other considerations prove somewhat artificial. Consider that Bergstrom is a competitor of Don Miller, and yet it is *Bergstrom* who is arguing that Miller must be a party—not to protect Bergstrom's interests but to protect *Miller's*. It is conceivable that Bergstrom's concern about Don Miller's ability to protect its own interests arises from the purest of altruistic motives, but a more likely explanation is that Bergstrom simply wants to remain in state court. A pragmatic approach to the fraudulent joinder question must take into account the realities of the situation, and here the reality is that any involvement by Don Miller in this lawsuit is wholly speculative. In short, when the party with the alleged "interest" in a lawsuit disclaims any such interest, a court must be skeptical of claims to the contrary made by the party on the other side of the "V".

In addition, sound policy suggests that Miller should not be considered a *bona fide* party. When a large in-state business sues an out-of-state corporation, one can expect a certain amount of procedural wrangling about the forum for the dispute. In a case like this where no relief is even

8

sought against the questionable in-state defendant (the defendant whose presence would destroy diversity), and when that defendant disclaims any desire to participate in the lawsuit, a bright-line rule, or at least a presumption, should be in place in favor of a fraudulent joinder finding. Such a rule or presumption could forestall procedural litigation of this nature and spare parties and courts the largely artificial analysis set forth above.[1]

### III. Conclusion

For the reasons given above, the motion to remand is **DENIED**. Defendant Don Miller is dismissed from this action. The Clerk is directed to set this matter on the Court's calendar for a telephonic scheduling conference pursuant to Fed. R. Civ. P. 16.

**SO ORDERED** this   12th   day of July, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] To the extent *Hand v. Chrysler Corp.,* 997 F. Supp. 553 (D.Vt. 1998) is to the contrary, I respectfully disagree with it. That case, however, was based on Vermont state law, not Wisconsin law. Moreover, in that action the complaint sought "preliminary and permanent injunctive relief against Chrysler and Green Mountain to prevent them from entering into a new franchise agreement." *Id.* at 554. As noted above, in this case there is not even a claim alleged against the non-diverse defendant.